

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00260-CR

**THOMAS DWAYNE CHATMAN,**

                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                              **Appellee**

---

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2018-83-C2**

---

## MEMORANDUM OPINION

---

The jury convicted Thomas Dwayne Chatman of the offense of possession of a controlled substance in an amount of four grams or more but less than 250 grams, enhanced, and assessed his punishment at confinement for 25 years. *See* TEX. HEALTH & SAFETY CODE § 481.115. The trial court sentenced Chatman accordingly. Because the trial court did not err when it denied Chatman's motion to suppress, we affirm the trial court's judgment.

**BACKGROUND**

McLennan County Deputy Jeremy Bost stopped Chatman for speeding and for not wearing a seatbelt. Deputy Bost found illegal drugs in Chatman's pocket. Chatman filed a motion to suppress in which he contended that the initial stop was illegal. After a hearing, the trial court denied the motion to suppress.

**MOTION TO SUPPRESS**

In his sole issue, Chatman contends that the trial court erred when it denied his motion to suppress statements and evidence resulting from the traffic stop because Deputy Bost initiated the stop without reasonable suspicion.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189-90 (Tex. Crim. App. 2018); *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016). At a motion to suppress hearing, the trial judge is the sole trier of fact and judge of the credibility of witnesses and the weight to be given to their testimony. *Lerma*, 543 S.W.3d at 190. Therefore, we afford almost complete deference to the trial court in determining historical facts and mixed questions of law and fact that turn on credibility or demeanor. *Id*.; *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). However, we review de novo whether the facts are sufficient to give rise to reasonable suspicion in a case. *Lerma*, 543 S.W.3d at 190.

Further, when the trial court does not make explicit findings of fact, as in this case, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record. *Id*. We will sustain the ruling of the trial court if it is correct under any applicable theory of law. *Id*.

An officer may make a warrantless traffic stop if the "reasonable suspicion" standard is satisfied. *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015). Reasonable suspicion exists if the officer has "specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Id*. It is the officer's "reasonable belief"—one that would be held by an objectively reasonable and prudent police officer—that governs the question of reasonable suspicion. *State v. Mendoza*, 365 S.W.3d 666, 671 (Tex. Crim. App. 2012). The question, as in this case, is not whether the defendant was guilty of the traffic offense but whether the officer had reasonable suspicion that the defendant was guilty. *See Jaganathan*, 479 S.W.3d at 247.

Deputy Bost testified that in the early morning hours of November 13, 2017, he saw Chatman's vehicle; Chatman was driving his vehicle in the opposite direction from Bost on Waco Drive. After Deputy Bost noticed Chatman's vehicle violently bottom-out in some of the dips in the road and noticing the weight of the vehicle shift as it traveled around a curve, Deputy Bost turned his patrol unit around, caught up to Chatman's vehicle, maintained a distance, or "paced," behind Chatman for about two or three blocks, and determined that he and Chatman were traveling 53 miles per hour in a 40 miles per hour zone. Deputy Bost then pulled alongside Chatman, and both drivers began to slow down. As Deputy Bost drove beside Chatman, Deputy Bost noticed that Chatman was not wearing a seat belt. Although Deputy Bost could see that Chatman was wearing a white t-shirt, he could not see a seat belt across Chatman's chest. Ultimately, Chatman drove into a parking lot; Deputy Bost followed him. Deputy Bost

activated his emergency lights and initiated the traffic stop. When Deputy Bost approached Chatman's vehicle, he did not see a seat belt fastened on Chatman.

The State introduced a video of the traffic stop into evidence, and the trial court watched it. Because the video did not start until 30 seconds before Deputy Bost activated his emergency lights, the video did not show Chatman's vehicle bottoming-out or its weight shifting, Deputy Bost pacing Chatman, or a clear lack of a seatbelt. When shown still-shots of the video reflecting what Chatman argued to be a seatbelt, Deputy Bost testified that he believed that the alleged seatbelt was a reflection of a light pole off of the back windshield of Chatman's vehicle; he did not believe that it was a seatbelt.

Chatman attempted to discredit Deputy Bost through cross-examination and the use of an expert witness to emphasize that the video did not show the pacing but, in Chatman's view, showed a seat belt and that Deputy Bost's report was lacking certain information. Chatman's theory was that if the video and the report did not contain all the facts necessary to support reasonable suspicion, then the facts that Deputy Bost testified to outside the video and the report did not happen.

**CONCLUSION**

The trial court is the sole trier of fact and judge of the credibility of witnesses and the weight to be given to their testimony. Based on the record, the trial court could have reasonably found Deputy Bost to be credible and, therefore, had reasonable suspicion to stop Chatman. Thus, viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not err when it denied Chatman's motion to

suppress.[1]

Chatman's sole issue is overruled.  We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Smith and
     Justice Wright[2]
Affirmed
Opinion delivered and filed May 23, 2024
Do not publish
[CRPM]



---

[1] Even assuming, arguendo, Deputy Bost made a mistake about the facts, the mistake would not vitiate his actions in hindsight so long as his actions were lawful under the facts as he reasonably, albeit mistakenly, perceived them to be.  *See Robinson v. State*, 377 S.W.3d 712, 720-21 (Tex. Crim. App. 2012).

[2] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.